**ELDER–BEERMAN STORES CORP.,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**No. 19200.**

United States Court of Appeals
Sixth Circuit.

Oct. 3, 1969.

Jerome Goldman, Cincinnati, Ohio, Paul H. Tobias, Goldman, Cole & Putnick, Cincinnati, Ohio, on brief, for petitioner.

Julius Rosenbaum, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Glen M. Bendixsen, Attys., N. L. R. B., Washington, D. C., on brief for respondent.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

ORDER.

This case is before the Court upon the petition of Elder-Beerman Stores Corp. to review and set aside an order of the National Labor Relations Board, and upon the Board's cross-application to enforce the order. The decision and order of the Board are reported at 173 N.L.R.B. No. 68.

Upon consideration of briefs and oral arguments, the Court holds that the findings and decision of the Board are supported by substantial evidence on the record considered as a whole.

It is ordered that the enforcement be and hereby is granted.

**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**OHIO CAR & TRUCK LEASING, INC.,
Respondent.**

**No. 19226.**

United States Court of Appeals
Sixth Circuit.

Oct. 10, 1969.

Leonard M. Wagman, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Richard S. Rodin, Robertamarie Kiley, Attorneys, N. L. R. B., Washington, D. C., on brief, for petitioner.

Roy E. Browne, Akron, Ohio, Hershey, Browne, Wilson, Steel, Cook & Wolfe, Akron, Ohio, on brief, for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

ORDER.

This case is before the Court on the application of the National Labor Relations Board for enforcement of its order reported at 167 N.L.R.B. No. 37.

Upon consideration of briefs and oral arguments, it is ordered that the order of the Board be and hereby is enforced except as hereinafter provided. Nothing in this order shall be construed as prohibiting the filing and processing of a decertification petition at the end of a period equal to the period between July 12, 1966, and November 1, 1966, as prescribed in the order of the Board, provided that during the interim respondent has complied in good faith with the order of the Board.